IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERRY L. AHLIN,              )<br>                              )<br>      Plaintiff,              )<br>                              )<br>   vs.                        )<br>                              )<br>JO ANNE B. BARNHART,          )<br>Commissioner, Social Security )<br>Administration,               )<br>                              )<br>      Defendant.              ) | 8:05CV447<br><br>MEMORANDUM AND ORDER |

This matter is before the court on filing no. 13, the Motion to Dismiss filed by the United States of America on behalf of the named defendant, the Commissioner of the Social Security Administration. The defendant removed this action from the Small Claims Court of Douglas County, Nebraska. The original complaint is on a small claims court form and is difficult to understand. However, it appears that the plaintiff, Sherry L. Ahlin, filed this action against the Commissioner after the plaintiff's social security retirement or disability checks were stolen, forged or otherwise endorsed and cashed by others.

After Magistrate Judge Thomas D. Thalken correctly refused to accept the defendant's service on the Social Security Field Office as notice to the plaintiff of the removal of this action, the defendant's attorney managed to locate the plaintiff. The plaintiff, who is otherwise homeless, is in the Norfolk Regional Center and is receiving treatment for a mental disability.

After removing the plaintiff's action to this court, the defendant now seeks to dismiss the complaint. First, the defendant asserts that the plaintiff has not stated a basis for this court's jurisdiction. Of course, the plaintiff obviously did not state a basis for federal court jurisdiction, because the plaintiff filed this case in a state court. However, the *defendant* represented, in removing the case, that original jurisdiction is founded on 28 U.S.C. § 1331.

Second, the defendant contends that the plaintiff has failed to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). However, the defendant cites no authority

1

for the premise that a claimant whose social security checks are forged or stolen is entitled to no assistance whatsoever from the Social Security Administration.  A claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him [or her] to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).   Absent a much more thorough presentation of legal authority, I will not presume that a mentally impaired and homeless recipient of social security benefits has no recourse whatsoever, and no entitlement to assistance, if her social security checks are forged or stolen.

    Filing no. 13, the defendant's Motion to Dismiss is denied.  In addition, the court hereby orders the defendant to file a report with the court within forty (40) days of the date of this Order providing the following information to the court, with a copy to the plaintiff:

    1.    The procedures to be followed by a recipient of social security benefits who believes her social security checks have been lost, stolen, forged or otherwise improperly endorsed and cashed by others;

    2.    Whether this case has any potential for disposition by mediation or settlement, particularly in light of the information the defendant is to provide concerning the procedures a claimant must take to recover reimbursement for benefit checks which have been cashed by forged endorsements; and

    3.    Whether the plaintiff is still in the Norfolk Regional Center at the time of the report.

    SO ORDERED.

    DATED this 6th day of December, 2005.

                      BY THE COURT:

                      s/ Joseph F. Bataillon
                      JOSEPH F. BATAILLON
                      Chief District Judge